UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES ALAN GERDON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>REYNOLD FRENCH,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00251-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion to dismiss filed by Defendant Reynold French. (Dkt. 7.) All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 10.)

The parties have fully briefed the motion and it is now ripe for the Court's consideration. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before the Court. Dist. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

## FACTS AND PARTY POSITIONS

Plaintiff James Gerdon, who is appearing pro se, filed a complaint on June 17, 2022. (Dkt. 1.) Gerdon used a standardized form for a complaint in a civil case, and identified the Defendant as "Ren French, Probation and Parole Officer." (Dkt. 1 at 2.)[1] Under "Basis of Jurisdiction," Gerdon checked the box for federal question. (Dkt. 1 at 3.) However, the Complaint did not identify any specific federal statutes or provisions of the United States Constitution at issue. On the Civil Cover Sheet accompanying the Complaint, Gerdon identified the nature of the suit as one for "assault, libel and slander" under "Torts," and for violation of "Other Civil Rights." (Dkt. 1-1.)

Gerdon asserts the following factual allegations in the Complaint:

> 1) Ren French shows up at James Gerdons [sic] house with guns and enters against James Gerdons [sic] will
> 2) Ren French uses threats and physical force to hold James Gerdon against his will
> 3) Ren French takes James Gerdons [sic] stuff against his will. i.e. Ipad.

(Dkt. 1 at 4.) Gerdon requests the Court "to order Ren French and his friends to leave [Gerdon] alone and quit[] persecuting [Gerdon] for being a[n] alternative lifestyle person." (Dkt. 1 at 4.)

A summons was issued as to French on June 17, 2022. (Dkt. 2.) French was served on June 27, 2022. (Dkt. 5, 6.) In response to the Complaint, French timely filed a motion to dismiss on July 18, 2022. (Dkt. 7.) French argues Gerdon's complaint is subject to

---

[1] The Complaint identifies only Ren French as a defendant. However, on the Civil Cover Sheet accompanying the Complaint, Gerdon identified defendant as "State of Idaho Department of Correction Ren French Probation & Parole Officer." (Dkt. 1-1 at 1.)

**MEMORANDUM DECISION AND ORDER - 2**

dismissal pursuant to Fed. R. Civ. P. 4(b), 4(d)(4), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).

First, French argues that the Court does not have personal jurisdiction over claims against French in his official capacity, because Gerdon failed to properly serve him. (Dkt. 7 at 2.) Alternatively, French argues that Gerdon has not stated a claim against him in his individual capacity. French contends Gerdon did not allege a constitutional deprivation or injury, and did not identify any dates, times, or locations corresponding to the alleged unlawful acts committed by French. (Dkt. 7 at 5.) French also argues that, to the extent Gerdon intended to raise concerns about the stricture of his parole terms or supervision on his rights, he should have brought those claims before the Idaho Commission of Pardons and Parole, or before a state trial court.

Gerdon filed a response opposing French's motion to dismiss. (Dkt. 11.) Gerdon denies that he intended to sue French in his official capacity. He explains, "if the defendant has a job it has nothing to do with the allege[d] criminal action," "[i]t is the defense that wishes to make the defendant[']s employer part of this case," and "it is the [d]efense [that] wishes to add the State of Idaho to this case." Gerdon also insists he "never claimed he was on probation or parole" and "[i]t is the defense that is attempting to claim [] [Gerdon] is on parole." (Dkt. 11 at 2-4, 10.)

Gerdon explains French's actions occurred on or about May 9, 2021, January 15, 2022, and June 17, 2022. (Dkt. 11 at 6.) He claims that, on or about June 15, 2022, French threatened to "commit future crimes against [Gerdon] if [Gerdon] [did] not follow his religious rules and pay him". (Dkt. 11 at 7.) Gerdon also claims French told Gerdon

**MEMORANDUM DECISION AND ORDER - 3**

he committed the acts against Gerdon because French "heard rumors that [Plaintiff] [is] a male that has sex with other males." (Dkt. 11 at 6-7.)

Gerdon asserts that French's actions violate five federal statutes: 18 U.S.C. §§ 241, 242, 245, and 249; and 42 U.S.C. § 3631. He claims also that French's conduct constitutes breaking and entering, kidnapping, armed robbery, and a hate crime. (Dkt. 11 at 8, 6-7.)

In reply, French contends the only basis upon which Gerdon can proceed against him is pursuant to 42 U.S.C. § 1983. (Dkt. 12 at 2.) French argues the Court lacks subject matter jurisdiction, because Gerdon did not allege a violation of any right secured by the United States Constitution or other federal law. (Dkt. 12 at 1.) French also contends that this Court does not have the authority to initiate criminal proceedings against French with respect to claims alleged under criminal statutes. (Dkt. 12 at 3.)

## DISCUSSION

1.  **Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *See Bell Atl.*

**MEMORANDUM DECISION AND ORDER - 4**

*Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding whether to grant a motion to dismiss, the Court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Id*. at 663. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Court may also grant a motion to dismiss if it appears from the complaint that the Court lacks subject matter or personal jurisdiction, or if there has been insufficient process or service of process. Fed. R. Civ. P. 12(b)(1), (2), (4), (5).

While the rules of procedure provide no exception for pro se litigants, pro se pleadings, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Court

**MEMORANDUM DECISION AND ORDER - 5**

must provide a pro se litigant with notice of the deficiencies in the complaint to ensure that he uses the opportunity to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Since Gerdon proceeds pro se, the Court construes his pleadings liberally and will afford him the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

Despite construing all of the factual inferences in the Complaint liberally and in Gerdon's favor, and also considering Gerdon's additional explanation in his response brief, Gerdon's complaint is subject to dismissal. The Court will first address Gerdon's contention that his claims arise under 18 U.S.C. §§ 241, 242, 245, and 249; 42 U.S.C. § 3631; or state law. Following this discussion, the Court will address French's arguments that Gerdon has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983.

**2.    Gerdon Fails to State A Cognizable Claim Conferring Jurisdiction**

Gerdon has the burden to establish that this Court has jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts, as courts of limited jurisdiction, may adjudicate only those cases authorized by federal law. *Kokkonen*, 511 U.S. at 377; *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the federal court must dismiss the case. *See Morongo*, 858 F.2d at 1380.

**MEMORANDUM DECISION AND ORDER - 6**

Subject matter jurisdiction may be established by bringing a claim arising under the United States Constitution, a federal statute, or a federal treaty, otherwise known as "federal question" jurisdiction. 28 U.S.C. § 1331.[2] Although Gerdon identifies several federal statutes that he claims French violated, the federal statutes Gerdon cites do not establish federal question jurisdiction, nor does Gerdon state a plausible claim for relief under these statutes.

First, Gerdon cannot assert federal question jurisdiction under 18 U.S.C. §§ 241, 242, 245, and 249,[3] because these criminal statutes do not provide for a private right of action. A private individual may sue under a federal statute only when Congress intends to create a private right of action. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit"). A private citizen does not have authority to initiate a lawsuit under 18 U.S.C. §§ 241, 242, 245, or 249. *Clinton v. Jones*, 520 U.S. 681, 718 (1997) ("Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."). Thus, federal question jurisdiction cannot be asserted on the basis of criminal wrongdoing, as Gerdon attempts to do here.

Gerdon cites another federal statute, 42 U.S.C. § 3631, as a basis for his claims. Section 3631 is the violations and penalties provision of the Fair Housing Act, which

---

[2] Gerdon does not assert diversity jurisdiction pursuant to 28 U.S.C. § 1332, nor can he, because both parties are domiciled in Twin Falls, Idaho. (*See* Dkt. 1-1.)
[3] These statutes, taken as a whole, make it a criminal offense to inhibit a person in the free exercise of his or her federal civil rights.

**MEMORANDUM DECISION AND ORDER - 7**

prohibits discrimination in the sale or rental of housing. 42 U.S.C. § 3604. Gerdon fails to allege facts establishing that French discriminated against Gerdon with respect to the terms, conditions, or privileges of sale or rental of a dwelling on account of Gerdon's protected status, or for any other prohibited act set forth in 42 U.S.C. § 3604. Even construing Gerdon's complaint liberally, the Court is unable to discern the elements required to establish a claim under any provision of 42 U.S.C. § 3604 for which 42 U.S.C. § 3631 would apply.

Last, Gerdon alleges French's actions constitute breaking and entering, kidnapping, armed robbery, and a hate crime. The Court construes these claims as arising under Idaho criminal law. The Court has no authority to hear state law claims without a basis for federal jurisdiction. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding district courts should decline to exercise supplemental jurisdiction when federal claims are eliminated before trial). Moreover, even if there was an independent basis to consider Gerdon's state law claims, Gerdon may not bring a private action against French on the basis of a violation of state criminal law for the same reasons Gerdon cannot do so under federal law.

Gerdon's claims are therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

3.  **Gerdon Has Not Stated a Claim Pursuant to 42 U.S.C. § 1983**

Recognizing that, construed liberally, Gerdon may have intended to assert a claim against French under 42 U.S.C. § 1983, French argues such claims fail because Gerdon has not alleged a violation of any federal rights, nor has French been properly served.

**MEMORANDUM DECISION AND ORDER - 8**

(Dkt. 7 at 2.) Although Gerdon disclaims any intent to sue French in his individual or official capacity pursuant to Section 1983, the Court will discuss Gerdon's allegations within the framework for such claims in light of French's arguments.

42 U.S.C. § 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a plausible claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute that was proximately caused by the conduct of a person acting under the color of state law. *Armstrong v. Beauclair*, No. CV-06-049-S-EJL, 2007 WL 1381790, at *2 (D. Idaho Mar. 29, 2007) (citing *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)). Dismissal of a Section 1983 claim pursuant to Rule 12(b)(6) is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of these elements. *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000).

Gerdon identifies French as a probation and parole officer employed by the Idaho Department of Correction (IDOC). (Dkt. 1 at 2.) If French was acting in his capacity as a probation and parole officer at the time of the alleged acts, Gerdon plausibly could assert a claim against French for acts violating Gerdon's constitutional rights while under supervision. *See Smith v. Rawson*, No. 1:19-cv-00053-CWD, 2021 WL 1220617, at *1 (D. Idaho Mar. 31, 2021) (pro se plaintiff asserted claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights against defendants, who supervised the plaintiff while on parole or otherwise participated in the plaintiff's term of supervision).

**MEMORANDUM DECISION AND ORDER - 9**

A Section 1983 claim may be brought against a state official acting in either their official capacity or their individual capacity. As a general rule, a plaintiff may not bring a Section 1983 claim against state officials acting in their official capacities, because such officials are not considered "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, the United States Supreme Court created an exception to this rule in *Ex parte Young*, 209 U.S. 123, 159–160 (1908), by allowing suits against state officials acting in their official capacities "for prospective declaratory or injunctive relief" to redress an "ongoing violation of the Constitution or federal law." *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013); *Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002). Thus, lawsuits against state actors "acting in their official capacities" are actually suits against the state, and are barred by the Eleventh Amendment, unless prospective injunctive relief is requested.

Accordingly, the Court has jurisdiction over a Section 1983 claim to the extent that a plaintiff asks for prospective injunctive relief against an officer of the state acting in his official capacity. *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 973 (9th Cir. 1994). Here, Gerdon has requested relief in the form of an order prohibiting Gerdon from "persecuting [Gerdon] for being a[n] alternative lifestyle person" which, when liberally construed, could be considered a request for injunctive relief. (Dkt. 1.)

Individual capacity suits, on the other hand, "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "A victory in such a suit is a 'victory against the individual defendant, rather than against the entity that employs him,'" and "[t]hus, the

**MEMORANDUM DECISION AND ORDER - 10**

Eleventh Amendment prohibition against monetary damages imposed on a state does not apply...." *Cerrato*, 26 F.3d at 973. Accordingly, the Court has jurisdiction to hear a claim pursuant to Section 1983 if a plaintiff asks for monetary damages against a defendant acting in his or her individual capacity. *Id.*

Here, however, Gerdon's allegations fail to state a claim against French in either his individual or official capacity. Gerdon has not alleged a violation of any right protected by the United States Constitution or created by federal statute. As explained above, the federal statutes Gerdon cites in response to French's motion do not provide for a private right of action. Nor has Gerdon alleged a violation of any other right protected by the United States Constitution.[4]

Additionally, assuming Gerdon may state a claim under Section 1983 against French in his official capacity, he has not complied with Fed. R. Civ. P. 4(j). This rule sets forth the requirements for service of a state or of a state-created governmental organization. A copy of the summons and complaint must be served in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2)(B). Here, Gerdon identified French as a Probation and Parole Officer employed by IDOC. If French is sued in his official capacity, Gerdon must serve the Director of IDOC and the deputy attorney general assigned to the IDOC. IDAPA 06.01.01.106. Although French concedes he was properly

---

[4] French also argues Gerdon failed to exhaust his administrative remedies to the extent he "intended to raise concerns about the stricture of his parole terms or supervision." (Dkt. 7 at 5.) The Court finds this argument does not warrant further discussion given the Court finds Gerdon's complaint is subject to dismissal for the reasons discussed.

**MEMORANDUM DECISION AND ORDER - 11**

served, (Dkt. 7 at 2), the record does not reflect that either the Director of IDOC or the deputy attorney general assigned to IDOC were served.

## CONCLUSION

Having carefully reviewed the record and considered the parties' arguments, the Court will grant the motion to dismiss without prejudice. However, the Court will permit Gerdon leave to amend his complaint. Although the Complaint in its present form fails to establish the Court's jurisdiction and is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1), (5) and (6), it is plausible that Gerdon could state a claim against French in either his individual or official capacity pursuant to Section 1983. Gerdon will be given thirty days within which to file an amended complaint, and sixty days within which to effect proper service, if required based upon the nature of the claim in the amended complaint. Defendant may file any responsive pleading to the amended complaint as appropriate.

**MEMORANDUM DECISION AND ORDER - 12**

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED**, and Plaintiff's Complaint is dismissed **WITHOUT PREJUDICE**.

2) Plaintiff has until **February 10, 2023**, within which to file an amended complaint, and until **March 13, 2023**, to effect service, if required. Failure to do so will result in dismissal of the complaint with prejudice, and without further notice.

DATED: January 9, 2023

_____
Honorable Candy W. Dale
United States Magistrate Judge